```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:_____
------------------------------------------------------- X     DATE FILED: 01/08/2024
JONATHAN BURGOS,                                  :
                                                  :
                              Petitioner          :           23-CV-10087 (VEC)
               -against-                          :           20-CR-182 (VEC)
                                                  :
UNITED STATES OF AMERICA,                         :           ORDER
                                                  :
                              Respondent.         :
------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

   WHEREAS Jonathan Burgos ("Burgos") has moved for relief from his convictions pursuant to 28 U.S.C. § 2255 on grounds of ineffective assistance of counsel, *see* Pet., Dkt. 1;

   WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of Burgos's former trial counsel, David A. Ruhnke, Esq., and former appellate counsel, Jonathan Rosenberg, Esq. ("Counsel"), will be needed in order to allow the Government to respond to the motion;

   WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel is needed in order to allow the Government to respond to the motion;

   WHEREAS by making the motion, Burgos has waived the attorney-client privilege as a matter of law; *see Rudaj v. United States*, No. 11-CV-1782 (DLC), 2011 WL 2610544, at *3 (S.D.N.Y. June 13, 2011) (citing *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991));

   WHEREAS the Court is cognizant that, absent Court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*; and

WHEREAS the Government's deadline to respond to the motion is Tuesday, January 16, 2024, *see* Order, Dkt. 3;

IT IS HEREBY ORDERED that not later than **Friday, March 8, 2024**, Burgos must sign and return to this Court the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the Court by March 8, 2024, the Court will deny Burgos's § 2255 motion on the ground that Burgos failed to authorize the disclosure of information needed to permit the Government to respond to the motion. *See, e.g.*, *Brown v. United States*, No. 22-CV-9146 (NSR), 2023 WL 3626466, at *1–2 (S.D.N.Y. Apr. 13, 2023).

IT IS FURTHER ORDERED that, not later than **Friday, April 5, 2024**, Counsel shall file sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by Burgos.

IT IS FURTHER ORDERED that the Government's deadline to respond to Burgos's motion is extended to **Friday, April 19, 2024**. Burgos will have until **Friday, May 24, 2024**, to file a reply. Absent further order, the motion will be considered fully submitted as of that date.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to mail a copy of this Order (including the attached Informed Consent form) to Burgos and to note the mailing on the docket.

**SO ORDERED.**

Date:  **January 8, 2024**
       **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>      v.<br><br>Jonathan Burgos,<br>                *Defendant.* | **20 Cr. 182 (VEC)** |
| Jonathan Burgos,<br>                *Petitioner*<br><br>      v.<br><br>United States of America,<br>                *Respondent.* | **23 Civ. 10087 (VEC)** |

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Jonathan Burgos

You have made a motion under Section 2255 of Title 28, United States Code, to have your convictions set aside on the ground that you received ineffective assistance from your former lawyers, David A. Ruhnke, Esq., and Jonathan Rosenberg, Esq. (referred to in this form as your "former counsel"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from former counsel in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former counsel to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former counsel a secret—you must allow them to be disclosed to the Government and to the Court pursuant to Court order. The Court has already issued an Order (copy attached) ordering your former counsel to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your convictions on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court. The form constitutes your authorization to your former counsel to disclose confidential communications (1) only in response to a Court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former counsel will contradict your statements about his or her representation of you. However, you should also know

that the Court will deny your motion if you do not authorize your former counsel to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within sixty (60) days from the date of the Court's Order directing your former counsel to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former counsel, David A. Ruhnke, Esq., and Jonathan Rosenberg, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my convictions on the ground of ineffective assistance of counsel. This authorization allows my former counsel to testify only pursuant to Court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

_____     Dated: _____
Jonathan Burgos


Sworn to before me this _____ day of _____, 2024

_____
Notary Public